IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORRIS HUNTER,

        Petitioner,

    v.                                  CASE NO.08-3094-SAC

DAVID MCKUNE, et al.,

        Respondents.

## O R D E R

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and has paid the district court filing fee. Having reviewed the record which contains respondents' answer and return, the court denies the petition.

Petitioner was convicted in Douglas County District Court on his plea of guilty to one count of robbery. The district court imposed a 122 month prison term. Petitioner appealed, claiming the district court erred in denying his motion for a downward departure, and unlawfully considered petitioner's criminal history which included prior convictions and juvenile adjudications not proven to a jury beyond a reasonable doubt. The Kansas Supreme Court summarily disposed of petitioner's appeal,[1] finding it lacked appellate jurisdiction to consider petitioner's first claim because

---

[1] Petitioner moved for summary disposition of his direct appeal pursuant to K.S.A. 21-4721(g) and (h).

petitioner received a presumptive sentence,[2] and rejecting petitioner's second claim that his criminal history was unconstitutionally considered in sentencing. *State v. Hunter*, 2006 WL 265469 (Kan., February 3, 2006)(unpublished).

Petitioner thereafter filed a motion under K.S.A. 22-3504 to correct an illegal sentence, again claiming the sentencing court's consideration of the prior convictions and juvenile adjudications in his criminal history violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied that motion, finding this issue had been considered and denied by the Kansas Supreme Court in petitioner's direct appeal. The state appellate court agreed and dismissed petitioner's appeal from that district court decision. *State v. Hunter*, 2007 WL 1666890 (Kan.App., June 8, 2007).[3]

The instant petition seeking federal habeas corpus relief raises the sole issue of this same *Apprendi* sentencing claim. Respondents deny that petitioner has properly exhausted available state court remedies, and thereby contend federal habeas review is barred by petitioner's procedural default in presenting his claims to the state courts. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). As it is clear

---

[2]*See* K.S.A. 21-4721(c)(1)(barring appellate review of "[a]ny sentence that is within the presumptive sentence for the crime").

[3]The unpublished opinion available on Westlaw cites this decision as a summary per curiam decision handed down by the Kansas Court of Appeals. The public docketing information provided by Kansas appellate courts reflects that this appeal, like petitioner's direct appeal, was transferred to the Kansas Supreme Court for summary disposition pursuant to K.S.A. 21-4721(g) and (h), and dismissed by that court.

2

the Kansas Supreme Court considered and decided this issue on the merits in petitioner's direct appeal, the court finds the record does not support dismissal of the petition on the procedural ground advanced by respondents.

Respondents further contend, however, that petitioner is not entitled to relief under § 2254 on the merit of his sentencing claim. The court agrees.

The Kansas Supreme Court adjudicated petitioner's claim on its merits, thus petitioner is entitled to federal habeas relief only if he can establish that the state court's determination "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

In *Apprendi*, the United States Supreme Court held that "*other than the fact of a prior conviction*, any fact that increases the

3

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). Accordingly, the fact of a prior conviction is a narrow exception to *Apprendi's* rule that sentence enhancing factual findings must be admitted by the defendant or submitted to a jury. *See id*, 530 U.S. at 488-89. The Kansas courts have consistently held the use of a defendant's criminal history by the sentencing court does not violate due process or *Apprendi*. *State v. Brinklow*, 288 Kan. 39 (2009); *State v. Ivory*, 273 Kan. 44 (2002). The Kansas Supreme Court has also extended the exception in *Apprendi* to juvenile adjudications, holding that "[j]uvenile adjudications need not be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant's criminal history score under the [Kansas Sentencing Guidelines Act]." *State v. Hitt*, 273 Kan. 224, 236 (2002), *cert. denied* 537 U.S. 1104 (2003).

Petitioner's bare claim of constitutional error in the calculation of his criminal history for purposes of his state sentence advances no specific argument as to why his juvenile adjudications do not fall within this explicit *Apprendi* exception. Because there is no showing or discernable legal basis for finding the Kansas Supreme Court's decision in petitioner's case was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, the court concludes petitioner is entitled to no relief under § 2254.

IT IS THEREFORE ORDERED that the petition for a writ of habeas

corpus under 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of June 2011 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge